BOBBIE R. BAILEY, SBN 159663
bbailey@leaderberkon.com
EMILY K. DOTY, State Bar No. 297222
edoty@leaderberkon.com
OLGA G. PENA, State Bar No. 207927
opena@leaderberkon.com
LEADER & BERKON LLP
660 South Figueroa Street, Suite 1150
Los Angeles, CA 90017
Telephone: (213) 234-1750
Facsimile:  (213) 234-1747

Attorneys for Plaintiff
**BASF CORPORATION**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION,<br><br>                     Plaintiff,<br><br>          vs.<br><br>CESARE'S COLLISION REPAIR & TOWING, INC. a/k/a and/or d/b/a CESARES COLLISION REPAIR CENTER & TOWING,<br><br>                     Defendant. | Case No.<br><br>**COMPLAINT;**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff BASF CORPORATION ("BASF"), by and through undersigned counsel, and hereby files its Complaint against the above-captioned defendant Cesare's Collision Repair & Towing, Inc. a/k/a and/or d/b/a Cesares Collision Repair Center & Towing ("Defendant"), showing the Court as follows:

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. On information and belief, Defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business at 920 E. Center Ave., Visalia, CA 93292 and with Gabriel R Jacquez as its agent for process of service at 920 E. Center Ave., Visalia, CA 93292.

3. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners and reducers as well as other related products and materials for the reconditioning, refinishing and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products").  BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

4. Defendant is a body shop engaged in the business of reconditioning, refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between

the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of California.  Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in California.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

7. Michigan substantive law governs BASF's claims per Paragraph 6 of the Requirements Agreement.

## GENERAL ALLEGATIONS

### *The Terms of the Requirements Agreement*

8. On or about February 4, 2014, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

9. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $743,000.00 of Refinish Products ("Minimum Purchases") in the aggregate at suggested refinish pricing.

10. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $80,000.00 ("Contract Fulfillment Consideration") in consideration of fulfilling all of its obligations under the Requirements Agreement.

11. Also pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement was terminated for any reason prior to Defendant purchasing a minimum of $743,000.00 of Refinish Products, Defendant was required to refund BASF 100% of the Contract Fulfillment Consideration.

**Defendant's Breach of the Requirements Agreement**

12. On or about June 2014, Defendant, without any justification, breached and ultimately terminated the Requirements Agreement by, among other things, entering into an agreement with one of BASF's competitors and failing to purchase one hundred percent of its requirements for Refinish Products from BASF.

13. Since at least June 2014, Defendant has failed and refused to purchase any further Refinish Products in violation of Paragraphs 1 and 2 of the Requirements Agreement.

14. Defendant's purchases of Refinish Products pursuant to the Requirements Agreement total $0.  A purchase balance of $743,000.00 remains due and owing under the terms of the Requirements Agreement.

15. In violation of Paragraph 3 of the Requirements Agreement, Defendant has failed and refused to refund BASF the sum of $80,000.00, which represents 100% of the $80,000.00 in unearned Contract Fulfillment Consideration.

16. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

17. By letter dated February 17, 2017, a true and accurate copy of which is attached hereto as Exhibit B, BASF gave Defendant notice that Defendant was in default of its contractual obligations and demanded refund of the Contract Fulfillment Consideration of $80,000.00.  In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

18. Despite the foregoing demand, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement and to this day has failed to satisfy its obligations.

## COUNT I

### Breach of Contract Against Defendant

19. BASF incorporates by reference the allegations contained in the above paragraphs.

20. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to purchase from BASF one hundred percent of its

requirements for Refinish Products up to a minimum purchase requirement of $743,000.00 of Refinish Products in the aggregate at suggested refinish pricing over the Term.

21. Despite its obligations under the Requirements Agreement and in breach thereof, Defendant has failed to meet its minimum purchase requirements under the Requirements Agreement and failed to pay BASF the amounts due and owing thereunder.

22. The amount of outstanding minimum purchase requirements for Refinish Products by Defendant pursuant to the Requirements Agreement was $743,000.00 as of the date of the filing of this Complaint.

23. Further, Defendant has breached the Requirements Agreement by entering into an agreement for the purchase of Refinish Products with one of BASF's competitors.

24. As a result of the unjustified breach of the Requirements Agreement by Defendant without legal excuse and, pursuant to Paragraph 3 of the Requirements Agreement, Defendant is obligated to repay to BASF $80,000.00.

25. As of the date of the filing of this Complaint, Defendant has damaged BASF in the following amounts under the Requirements Agreement:

    a. $80,000.00 for refund of the Contract Fulfillment Consideration; and

b. $743,000.00 for the remaining balance of Defendant's minimum purchase requirement.

26. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of $823,000.00.

## COUNTS II & III

**Unjust Enrichment and Quantum Meruit Against Defendant**

27. BASF incorporates by reference the allegations contained in the above paragraphs.

28. Defendant has received the benefit of the Contract Fulfillment Consideration provided by BASF to or on behalf of Defendant.

29. The fair market value of the use of the Contract Fulfillment Consideration provided by BASF is at least $80,000.00, exclusive of costs, expenses, and attorneys' fees.

30. Defendant has not provided repayment of the Contract Fulfillment Consideration to BASF.

31. Defendant has retained the benefit of the Contract Fulfillment Consideration provided by BASF, which has resulted in an inequity to BASF in the amount of $80,000.00.

32. BASF is entitled to recover from Defendant the Contract Fulfillment Consideration in the amount of not less than $80,000.00 and for other benefits provided at BASF's expense for which no compensation has been provided.

33. Defendant is liable to BASF in the amount of not less than $80,000.00 or such other amount as may be established by the evidence.

## COUNT IV

### Declaratory Relief Against Defendant

34. BASF incorporates by reference the allegations contained in the above paragraphs.

35. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

36. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning their rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

37. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

## DEMAND FOR JURY TRIAL

BASF demands a trial by jury on all counts and as to all issues.

## BASF'S PRAYER FOR RELIEF

On the bases of the foregoing, BASF respectfully prays that this Court enter Judgment in its favor and against Defendant as follows:

    a.    Awarding BASF monetary damages in an amount to be determined at trial, but not less than $823,000.00 together with prejudgment interest;

    b.    Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

    c.    Awarding BASF all costs and fees of this action as permitted by law; and

    d.    Awarding BASF such other and further relief as this Court deems just and proper.

Dated:    April 16, 2018    LEADER & BERKON

By: /s/ Bobbie R. Bailey
    Bobbie R. Bailey
    Emily K. Doty
    Olga G. Pena

Attorneys for Plaintiff
**BASF Corporation**
Email: bbailey@leaderberkon.com
    edoty@leaderberkon.com
    opena@leaderberkon.com