| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CESARE'S COLLISION REPAIR & TOWING, INC. d/b/a CESARE'S COLLISION REPAIR CENTER & TOWING,<br><br>Defendant. | No. 1:18-cv-00519-DAD-BAM<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS</u><br><br>(Doc. No. 9) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This matter came before the court on July 17, 2018 for a hearing on defendant Cesare's Collision Repair & Towing, Inc.'s ("Cesare's") motion to dismiss. (Doc. No. 9.) Attorneys Bobbie R. Bailey and Emily Kate Doty appeared on behalf of plaintiff BASF Corporation ("BASF"). Attorney Dean A. Rocco appeared on behalf of defendant. The court has considered the parties' briefs and oral arguments, and for the reasons set forth below, will grant in part and deny in part defendant's motion to dismiss.

**BACKGROUND**

Plaintiff BASF sells automotive refinish products, including paints, refinishes, coating, primers, thinners, and reducers (collectively "refinish products"), for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles. (Doc. No. 1 [hereinafter

1

"Compl."] at ¶ 3.) Defendant Cesare's is an auto body shop engaged in the business of reconditioning, refinishing, and repainting automobiles, trucks, and other vehicles. (*Id.* at ¶ 4.)

On February 4, 2014, BASF and Cesare's entered into a written contract [hereinafter "Requirements Agreement"] in which Cesare's agreed to fulfill one hundred percent of its requirements for refinish products from BASF, up to a minimum purchase requirement of $743,000. (*Id.* at ¶¶ 8–9.) In consideration thereof, BASF agreed to pay Cesare's $80,000. (*Id.* at ¶ 10.) Pursuant to the Requirements Agreement, if the agreement was breached for any reason prior to Cesare's purchase of the minimum $743,000 in refinish products, Cesare's was required to refund BASF the $80,000. (*Id.* at ¶ 11.)

BASF alleges that on or about June 2014, Cesare's breached the Requirements Agreement, without justification, by entering into an agreement with one of BASF's competitors and failing to purchase any of its requirements for refinish products from BASF. (*Id.* at ¶¶ 12, 14.) By letter dated February 17, 2017, BASF gave notice to Cesare's that it was in default of its contractual obligations, and demanded a refund of the $80,000. (*Id.* at ¶ 17.) BASF alleges that, to date, Cesare's has failed to satisfy its obligations under the Requirements Agreement or refund the $80,000. (*Id.* at ¶ 18.)

BASF initiated this action against Cesare's on April 16, 2018, asserting four causes of action for: (1) breach of contract; (2) unjust enrichment; (3) quantum meruit; and (4) declaratory relief. (*Id.* at ¶¶ 19–37.) On June 13, 2018, Cesare's filed the motion to dismiss now pending before this court. (Doc. No. 9.) BASF filed its opposition on July 3, 2018, and Cesare's filed its reply on July 10, 2018. (Doc. Nos. 12, 13.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court will not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

## ANALYSIS

### A.     The Parties' Positions

Defendant's motion to dismiss argues that all four of plaintiff's causes of action arose more than four years prior to the initiation of this action on April 16, 2018, and are therefore barred by the applicable statutes of limitations under California law, which provides four years for the bringing of a cause of action for breach of contract, three years for the bringing of a cause of action for unjust enrichment, and two years for the bringing of a cause of action for quantum meruit. (Doc. No. 9 at 6–9.) According to defendant, because plaintiff's fourth cause of action for declaratory relief is derivative of the other causes of action, it too must be dismissed as untimely and barred by the applicable statutes of limitations. (*Id.* at 9–10.)

In opposition, plaintiff contends that it is Michigan, not California law, that provides the applicable statutes of limitations in this case. (Doc. No. 12 at 5.) A copy of the Requirements Agreement, incorporated into plaintiff's complaint as an exhibit, specifies: "This Agreement and performance or non-performance hereunder shall be governed by and construed under the laws of the State of Michigan without regard to principles of conflicts of law." (Doc. No. 6 at ¶ 6.)

Plaintiff asserts that Michigan law provides a six-year statute of limitations for each of its causes of actions and that, accordingly, plaintiff's complaint is timely. (Doc. No. 12 at 5–7.)

In reply, defendant argues that even if Michigan substantive law applies to this action, Michigan's "borrowing statute" must also apply. Michigan's borrowing statute provides that "[a]n action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued." Mich. Comp. Laws § 600.5861. Defendant argues that plaintiff's causes of action all accrued in California, and that Michigan's borrowing statute is therefore applicable and requires compliance with both Michigan and California statutes of limitations. (Doc. No. 13 at 3–6.)

**B.     Enforceability of Choice-of-Law Provision**

The court considers first whether the choice-of-law provision in the parties' Requirements Agreement is enforceable. A federal court sitting in diversity applies the choice of law rules of the forum state. *Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008). Because this action was brought in federal court on the basis of diversity jurisdiction (*see* Compl. at ¶ 5), the court will apply California choice-of-law rules. Where a contract includes a choice-of-law provision, the court must first determine: "(1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 466 (1992). "If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law." *Id.* If either test is met, however, the court must next determine whether the application of the law of the designated state would be contrary to a fundamental policy of the forum state. *Id.*

California courts have routinely found that the required substantial relationship exists where one of the parties is incorporated or maintains a principal place of business in the chosen state. *See, e.g.*, *Pinela v. Neiman Marcus Grp., Inc.*, 238 Cal. App. 4th 227, 257 (2015); *Hughes Elecs. Corp. v. Citibank Del.*, 120 Cal. App. 4th 251, 258 (2004); *Hambrecht & Quist Venture Partners v. Am. Med. Int'l, Inc.*, 38 Cal. App. 4th 1532, 1546–47 (1995). Here, neither party is a

citizen of the State of Michigan. (*See* Compl. at ¶¶ 1–2) (identifying BASF as a citizen of Delaware and New Jersey, and identifying Cesare's as a citizen of California). Plaintiff has not identified any authority indicating that the circumstances presented here satisfy the "substantial relationship" test, and the court has located none. Whether Michigan has "substantial relationship" to the parties or the transaction at issue therefore appears doubtful.

However, whether there is "any other reasonable basis" for the parties' choice of law "appears to be a lower standard." *J.P. Morgan Chase Bank, N.A. v. Shea Mortg., Inc.*, No. CV 13-9128 PSG (JCGx), 2014 WL 12696354, at *3 (C.D. Cal. Nov. 14, 2014). Plaintiff notes that the Requirements Agreement identifies BASF's office in Southfield, Michigan as BASF's location for the purposes of the contractual relationship, that the connection to Michigan is apparent on the face of the contract and that this connection provides a "reasonable basis" for selecting Michigan law. (Doc. No. 12 at 6–7.) At the hearing on the pending motion to dismiss, counsel for plaintiff further clarified that although BASF does not maintain its principal place of business in Michigan, BASF's automotive refinish products business—the segment of the business at issue in the Requirements Contract—is located in Michigan. Given these circumstances, the court concludes that there is a reasonable basis for the parties' choice of law that is not completely arbitrary. *Cf. Missaghi v. Coca-Cola Co.*, No. CV 12-07472 SJO (Ex), 2013 WL 12114765, at *3 (C.D. Cal. Jan. 2, 2013) (finding no substantial relationship or reasonable basis to select Michigan where neither party was a citizen of Michigan, the contract and the parties' briefs did not indicate why Michigan was chosen, and the choice to apply Michigan law "appear[ed] to be completely arbitrary").

Having found that there is a reasonable basis for the parties' choice of law, the court next considers whether the application of Michigan law would be contrary to a fundamental policy of the forum state. *Nedlloyd*, 3 Cal. 4th at 466. Plaintiff contends that the application of Michigan law would not be contrary to a fundamental policy in California, arguing that the two-year difference in the statutes of limitations is a small discrepancy that does not violate the policy underlying California's statute of limitations. (Doc. No. 12 at 7.) Indeed, although California has an interest in prohibiting the prosecution of stale claims, longer limitations periods stipulated to

by contracting parties have been regularly upheld by California courts. *See Hambrecht*, 38 Cal. App. 4th at 1547 ("In general, California courts have permitted contracting parties to modify the length of the otherwise applicable California statute of limitations, whether the contract has extended or shortened the limitations period."); *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1183 (9th Cir. 2009) (holding that applying choice-of-law provision's six-year English limitations period instead of four-year California limitations period did not violate California public policy); *Lehman Bros. Holdings, Inc. v. First Priority Fin., Inc.*, No. 12-CV-2500-JAM-KJN, 2013 WL 753495, at *3 (E.D. Cal. Feb. 27, 2013) (applying the choice-of-law provision's six-year New York statute of limitations period instead of four-year California limitations period found not to violate California public policy). Because defendant Cesare's otherwise fails to identify any fundamental policy of California that would be contravened by application of Michigan law, the court concludes that the parties' choice of law provision is enforceable.

**C.     Applicability of Michigan's Borrowing Statute**

Defendant next contends that even if the court were to find that Michigan substantive law applies to this action, Michigan's "borrowing statute" must also apply. (Doc. No. 13 at 3–6.) Michigan's borrowing statute provides that "[a]n action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued." Mich. Comp. Laws § 600.5861. When applied, Michigan's borrowing statute confines a plaintiff to both the limitational period of Michigan and the state where the claim accrued, "allowing the least time to commence the action." *Parish v. B.F. Goodrich Co.*, 395 Mich. 271, 278, 235 N.W.2d 570, 572 (1975).

The court therefore considers whether the causes of action in question accrued outside the State of Michigan such that the borrowing statute would apply. *See Scherer v. Hellstrom*, 270 Mich. App. 458, 462, 716 N.W.2d 307, 310 (Mich. Ct. App. 2006) ("[T]he borrowing statute applies only if an action accrued without any essential facts giving rise to the cause of action occurring in Michigan."). According to the allegations of plaintiff's complaint here, the alleged breach of contract occurred when Cesare's "breached and ultimately terminated the Requirements

6

Agreement by, among other things, entering into an agreement with one of BASF's competitors and failing to purchase one hundred percent of its requirements for Refinish Products from BASF." (Compl. at ¶ 12.) The complaint further alleges that Cesare's "has failed and refused to purchase any further Refinish Products in violation of Paragraphs 1 and 2 of the Requirements Agreement." (*Id.* at ¶ 13.) The essential facts giving rise to BASF's claim here thus occurred in California, where Cesare's is incorporated and maintains its principal place of business. *See Scherer*, 716 N.W.2d at 310–11 (holding that a cause of action for breach of contract accrued in Michigan, where the defendant was residing when breach allegedly occurred). Because BASF's breach of contract claim accrued outside the State of Michigan, Michigan's borrowing statute applies.

**D.     Timeliness**

Pursuant to Michigan's borrowing statute, for plaintiff's claims to be timely, they must satisfy California's applicable statutes of limitations. The court next considers whether plaintiff's claims fall within the relevant limitations period under California law.

        1.     Breach of Contract

Under California law, plaintiff's first cause of action for breach of contract is governed by a four-year statute of limitations. Cal. Code Civ. P. § 337. Plaintiff's complaint alleges that defendant breached the Requirements Agreement in June 2014, when defendant entered into an agreement with one of BASF's competitors, and therefore failed to purchase one hundred percent of its requirements for refinish products from BASF. (Compl. at ¶ 12.)

Defendant disputes the June 2014 date of breach, contending that the allegations of the complaint indicate that the alleged breach must have occurred in March 2014, when the contract term began and when defendant was supposed to begin purchasing refinish products from BASF. (Doc. No. 9 at 7.) The relevant portion of the parties' Requirements Agreement states that:

> The Term of this Agreement shall commence with the first full calendar month subsequent to the Effective Date and continue until [Cesare's] and or until its Controlled Business have purchased $743,000 in the aggregate of BASF Products . . . subsequent to the Effective Date . . . . During the Term of this Agreement, [Cesare's] shall cause each of its Controlled Businesses to purchase from an authorized BASF distributor one hundred percent (100%) of their

7

>requirements for Refinish Products in connection with the Business, specifying only BASF brand products for Refinish Products.

(Doc. No. 6 at ¶¶ 1–2.) The Requirements Agreement was signed in February 2014, making the first full calendar month—and the start of the contract term—March 2014. Plaintiff argues, however, that the contract terms did not require defendant to make purchases by any particular deadline. Construing the allegations of the complaint as true and in the light most favorable to plaintiff, the court finds that the plaintiff has adequately alleged that the purported breach occurred in June 2014.

Given California's four-year statute of limitations, plaintiff therefore had until June 2018 to bring a breach of contract claim against defendant. The complaint in this action was filed on April 16, 2018, and plaintiff's claim for breach of contract is therefore timely.

### 2. Unjust Enrichment and Quantum Meruit

Plaintiff's second and third causes of action are for unjust enrichment and quantum meruit, respectively. (Compl. at ¶¶ 27–33.) Defendant argues that these causes of action are time-barred because under California law there is a three-year statute of limitations for unjust enrichment claims grounded in fraud or mistake, and a two-year statute of limitations for quantum meruit claims. (Doc. No. 9 at 8–9.)

In opposition to the pending motion, plaintiff contends that defendant's arguments in this regard are meritless, but provides no meaningful explanation as to why that is so and cites no authority suggesting an alternative limitations period under California law for either of these causes of action. (Doc. No. 12 at 9–10.)

Defendant is correct that California law provides a three-year limitations period for unjust enrichment claims and a two-year limitations period for quantum meruit claims. *See* Cal. Code Civ. P §§ 338(d), 339; *Fed. Deposit Ins. Corp. v. Dintino*, 167 Cal. App. 4th 333, 347–48 (2008) (holding that a three-year statute of limitations applies to an unjust enrichment cause of action based on fraud or mistake, pursuant to § 338 of the California Code of Civil Procedure); *Iverson, Yoakum, Papiano & Hatch v. Berwald*, 76 Cal. App. 4th 990, 996 (1999) (holding that a two-year statute of limitations applies to a cause of action for quantum meruit, pursuant to § 339 of the

California Code of Civil Procedure). Assuming the claimed breach of contract occurred in June 2014 as alleged in plaintiff's complaint, plaintiff had until June 2017 to file a claim for unjust enrichment, and until June 2016 to file a claim for quantum meruit. However, as noted above, plaintiff's complaint was not filed until April 16, 2018. Accordingly, plaintiff's causes of action for unjust enrichment and quantum meruit are barred by the applicable statute of limitations.

### 3. Declaratory Relief

Plaintiff's fourth and final cause of action is for declaratory relief. (Compl. at ¶¶ 34–37.) A cause of action for declaratory relief is derivative of the underlying obligation, and the statute of limitations is "determined by the nature of the underlying obligation sought to be adjudicated." *Snyder v. Cal. Ins. Guarantee Ass'n*, 229 Cal. App. 4th 1196, 1208 (2014); *see also Maguire v. Hibernia S. & L. Soc.*, 23 Cal.2d 719, 734 (1944) ("We are of the opinion that the period of limitations applicable to ordinary actions at law and suits in equity should be applied in like manner to actions for declaratory relief."). Here, plaintiff's complaint specifies that its cause of action for declaratory relief is premised on the "rights and obligations" of the parties "under the Requirements Agreement" (Compl. at ¶ 36), and as such, it is based on the underlying cause of action for breach of contract. The court, having determined above that plaintiff's cause of action for breach of contract was timely filed, also finds that plaintiff's cause of action for declaratory relief was timely filed.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss (Doc. No. 9) is granted in part and denied in part as follows:

1. Defendant's motion to dismiss is granted as to plaintiff's causes of action for unjust enrichment and quantum meruit, those claims being time-barred under the applicable statutes of limitations;
2. Plaintiff's causes of action for unjust enrichment and quantum meruit are dismissed with prejudice;
3. Defendant's motion to dismiss is denied as to plaintiff's causes of actions for breach of contract and declaratory relief;

4. Defendant shall respond to the complaint within twenty-one (21) days of the service of this order; and
5. This matter is referred back to the magistrate judge for further proceedings including the setting of an initial scheduling conference.

IT IS SO ORDERED.

Dated: __**January 24, 2019**__  
_____  
UNITED STATES DISTRICT JUDGE